# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## TINA L. MILAM, ET AL. V. TITLEMAX OF MEMPHIS AND DEALER'S AUTOMOBILE AUCTION OF THE SOUTH, LLC

### Direct Appeal from the Circuit Court for Shelby County
### No. CT00210412      John R. McCarroll, Jr., Judge

### No. W2012-02209-COA-R3-CV - Filed April 23, 2013

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Tina L. Milam, Appellant/Plaintiff, self-represented.

Paul Neil Royal, Memphis, Tennessee, for Appellee/Defendant, Titlemax of Tennessee, Inc.

Roger Alden Stone, Memphis, Tennessee, for Appellee/Defendant, Dealer's Automobile Auction of the South, LLC.

### MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction, because we could find nothing in the record reflecting that the trial court

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

adjudicated any of the claims set forth in the Complaint filed by Appellant Tina L. Milam in the trial court on May 10, 2012. Also, the order appealed does not appear to fall within the provisions of Tennessee Code Annotated section 29-5-319.[2] Specifically, the order appealed granted the motion to compel arbitration filed by Appellee Titlemax of Tennessee, Inc., but Tennessee Code Annotated section 29-5-319 does not provide for an appeal of an order granting a motion to compel arbitration.

Thus, by Order entered on January 30, 2013, this Court directed Appellant to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment, within fifteen (15) days from the entry of that Order. Appellant submitted a response to our Order on February 19, 2013, which appears to assert that the order appealed is a final judgment, but alternatively requests interlocutory review of this matter pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure or extraordinary review pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that, if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones**,* 783 S.W.2d 553 (Tenn. 1990). The order appealed in this matter is clearly not a final judgment and Tennessee Code Annotated section 29-5-319

---

[2] Tennessee Code Annotated section 29-5-319 provides:

(a) An appeal may be taken from:

(1) An order denying an application to compel arbitration made under § 29-5- 303;

(2) An order granting an application to stay arbitration made under § 29-5- 303(b);

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a re-hearing; and

(6) A judgment or decree entered pursuant to the provisions of this part.

(b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

T. C. A. § 29-5-319.

does not provide for an appeal of an order granting a motion to compel arbitration. Moreover, we decline to grant interlocutory or extraordinary review of this matter. Accordingly, this appeal must be dismissed for lack of jurisdiction.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Tina L. Milam, for which execution may issue if necessary.

**PER CURIAM**